## NARCISSE v METROPOLITAN DADE COUNTY

Case No. 85-318 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

October 14, 1986

### APPEARANCES OF COUNSEL

**Denis Dean** for appellant.

**Robert A. Ginsburg,** County Attorney, and **Carol A. Anderson,** Assistant County Attorney, for appellee.

Before HENDERSON, SALMON, MASTOS, JJ.

### OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

This is an appeal by Metro Dade Police Officer Narcisse seeking review of the County Manager's affirmation of a finding that petitioner Narcisse was involved in a "preventable" accident thereby overruling a hearing examiner's decision. The issue on appeal is whether there was substantial, competent evidence to support such a finding. We feel there was not and reverse the County Manager's decision accordingly.

The facts are as follows: The petitioner and a passenger (another police employee) attempted to stop a traffic violator. When that car resisted, a vehicle chase ensued resulting in a three car collision with an unrelated third party. Following a standard procedure that is operative when a county vehicle is involved in an accident, three police personnel responded to the accident scene. All three conducted independent investigations. Each concluded that the accident could not have been avoided. The petitioner was not given a traffic citation. An internal Accident Review Panel then considered the findings of the investigators and other relevant evidence to determine whether the driver could have prevented the accident, or whether due to the circumstances, the accident could not have been prevented.

According to testimony by one of the members of the Accident Review Panel, the Panel reached its decision based on the standard accident report, Narcisse's testimony and the passenger's testimony. It is unclear whether the Panel ever considered the reports of the three personnel who conducted investigations of the accident. There was a memo that reflected all three of these findings. However, the testimony as to whether the panel reviewed that memo is conflicting. Because this was the petitioner's third accident termed preventable, the Panel invoked the standard discipline for a third such accident, a one day suspension.

The petitioner appealed this decision to a Hearing Examiner. An administrative hearing was conducted. The Hearing Examiner rejected the Panel's findings. He then transmitted the record of the hearing to the County Manager, who reversed the Hearing Examiner's findings and conclusions. The petitioner now comes before this Court to review the decision of the County Manager.

Jurisdiction of this Court to hear this appeal is based on Rule 9.030(c)(1)(C) of the Florida Rules of Appellate Procedure and Dade County Code § 2-47.1.

A court reviewing administrative action is limited in its scope of review to an inquiry into whether the determinative action is supported by substantial, competent evidence. *United States Casualty Co. v. Maryland Casualty Co.*, 55 So. 2d 741 (1951). Substantial evidence is such evidence as a reasonable person would accept as adequate to support a conclusion. *Laney v. Board of Public Instruction*, 153 Fla. 728, 15 So.2d 748 (1943). Under Florida Statute § 120.68(10) of the Administrative Procedure Act, administrative determinations or findings are not subject to review, or will not be disturbed, if supported by substantial, competent evidence. This is analagous to the rule which

132

requires an appellate court to give great weight to the findings of fact made by a jury and to sustain such findings, unless there is no substantial evidence to support them. *Nelson v. State*, 156 Fla. 189, 23 So.2d 136, cert. den. 327 U.S. 790, 90 L.Ed 1016, 66 S. Ct. 809 (1945). Even though evidence may be conflicting, the court may not reweigh the evidence or substitute its own conclusion if the agency determination is supported by substantial, competence evidence, 1 Fla. Jur. 2d Administrative Law § 175.

However, if the findings or determinations of an administrative agency are not supported by substantial, competent evidence, they will be set aside by the Court.[1]

It is our opinion that a decision by the County Manager based on testimony that amounted to opinions and conjecture derived from second hand information does not amount to substantial, competent evidence necessary to support the County Manager's decision. The record the County Manager reviewed contained testimony from three witnesses other than Narcisse. They were: (1) a member of the Accident Review Panel (who was not present at the accident); (2) the Sergeant who prepared the petitioner's disciplinary action review (who did respond to the accident and directed traffic, but did not conduct any investigation); and (3) a major who determined the petitioner's discipline by the Accident Review Panel's findings and Narcisse's accident history.

Accordingly, we reverse the October 11, 1985, Order by the County Manager imposing a one day suspension on the petitioner.

Reversed.

HENDERSON and MASTOS, JJ., concur.

---

[1] § 120.68(10), Fla. Stat. (1985).